UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEANNA S.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. C21-5039-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1986, left high school in tenth grade, and has worked as a receptionist and stocker/sorter at Goodwill. AR 43-44, 207. Plaintiff was last gainfully employed in March 2018. AR 207.

In October 2018, Plaintiff applied for benefits, alleging disability as of March 1, 2018. AR 161-66. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

requested a hearing.  AR 97-100, 104-10.  After the ALJ conducted a hearing in June 2020 (AR 36-65), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-30.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**:  Plaintiff has the following severe impairments: severe degenerative disc disease, carpal tunnel syndrome, chronic pain syndrome, endometriosis, depressive disorder, trauma disorder, and anxiety.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: she can stand/walk for six hours and sit for six hours.  She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds.  She can occasionally push and pull.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She can frequently reach, handle, finger, and feel.  She should not have concentrated exposure to extreme temperatures, vibration, or hazards.  She is limited to simple, routine work, in a workplace with no more than occasional workplace changes.  She can have occasional superficial contact with co-workers, and brief, superficial contact with the public.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-30.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing her testimony and failing to address the lay evidence, and in failing to account for all of the limitations included in credited State agency opinions. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.  The ALJ Did Not Err in Assessing the State Agency Opinions

The State agency psychological consultants described Plaintiff's abilities as follows, in relevant part:

> Claimant retains an ability to carry out simple instructions. Ongoing psych symptoms would interfere with claimant's ability to maintain sustained concentration, regular attendance and to persist through a normal workweek. However, these impairments are not so severe that they would prevent claimant from being able to sustain three step tasks in a reasonably consistent manner within a 40 hour workweek on a regular and continuing basis.

AR 76, 92.  The ALJ summarized the State agency psychological opinions and found them "generally persuasive."  AR 28.  The ALJ's RFC assessment describes Plaintiff as capable of performing "simple routine work" with additional adaptation and social limitations.  AR 20.

Plaintiff argues that the ALJ erred in purporting to credit the State agency opinions but failed to account for the restriction to three-step tasks.  Dkt. 16 at 4.  According to Plaintiff, the ALJ's failure to include this limitation without explanation renders the ALJ's RFC assessment defective.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (holding that an RFC assessment must include all of the claimant's functional limitations supported by the record); Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Although the ALJ's RFC assessment does not explicitly include a limitation to three-step instructions, the RFC assessment is nonetheless consistent with such a limitation by restricting Plaintiff to simple, routine work, as this Court has previously found.  *See Kaitlyn B. v. Comm'r of Social Sec.*, Case No. C20-5963-SKV, 2021 WL 2432324, at *4-5 (Jun. 15, 2021).  Because the ALJ's RFC assessment is consistent with the credited State agency opinions, Plaintiff has not shown that the ALJ failed to fully account for the State agency opinions.  *See Turner v. Comm'r*

*of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that an ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician).

      **B.**      **The ALJ Erred in Discounting Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony because (1) Plaintiff's physical and mental conditions improved with treatment, (2) the record contains many unremarkable findings, and (3) Plaintiff's activities are consistent with the RFC assessment rather than disability. AR 20-27.

In the absence of evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will address the sufficiency of each of the ALJ's reasons in turn.

      *1.*      *Improvement*

At the outset, Plaintiff contends that the ALJ summarized medical evidence without explaining why it was inconsistent with her testimony. Dkt. 16 at 8. The ALJ indeed devoted several pages of the decision to summarizing Plaintiff's medical records (AR 20-26), but at the conclusion of this summary, the ALJ provided specific reasoning, first indicating that the medical records were inconsistent with Plaintiff's testimony because her symptoms improved with or were well-managed with treatment. AR 26. As an example, the ALJ cited a treatment note where Plaintiff denied arthralgia, joint swelling, myalgia, neck pain, neck stiffness, abdominal pain, numbness, and weakness, as evidence of improvement. *Id.* (citing AR 1505). This treatment note pertained to an emergency room visit for shortness of breath. *See* AR 1502. If this treatment note had demonstrated improvement with treatment, it may have contradicted Plaintiff's allegations, but no such improvement is evident in this note. Instead, it establishes

that Plaintiff did not report certain symptoms during an emergency room visit for shortness of breath.

The ALJ also claimed that Plaintiff's leg and back pain improved with physical therapy, noting that she engaged in physical therapy in February and March 2019, and that the physical therapist stated that further physical therapy was not needed. *See* AR 935. But Plaintiff subsequently received a steroid injection for her back pain in June 2019, and at that time the treating provider indicated that Plaintiff's pain had persisted despite conservative treatment. AR 1372. Thus, when viewed in context of the record, Plaintiff's discharge from physical therapy does not necessarily indicate that her symptoms had improved. The ALJ did not identify other examples of improvement, and the Commissioner merely cites evidence of surgeries as evidence of improvement (Dkt. 19 at 14), but Plaintiff testified at the hearing that she continued to experience symptoms even after those surgeries. *See* AR 52-54.

The record does indicate that Plaintiff's mental symptoms improved with medication and counseling, however. *See, e.g.*, AR 283, 750, 753, 1145, 776, 1160. This is a clear and convincing reason to discount Plaintiff's allegation of disabling mental limitations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

    2.  *Unremarkable Findings*

The ALJ outlined how many of Plaintiff's physical and mental examinations yielded unremarkable, normal findings. AR 26-27. The ALJ did not contrast any of these findings with Plaintiff's allegations in an attempt to show a contradiction, but instead generally referred to these normal findings as supporting the RFC assessment described in the decision. *Id*. This line of reasoning is not alone sufficient to support the ALJ's discounting Plaintiff's testimony. *See*

*Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

          3.     *Activities*

The ALJ noted that Plaintiff reported an ability to engage in many activities, such as managing her personal hygiene, preparing meals, performing household chores, caring for her teenage children, drive, shop for groceries, use a computer, manage personal finances, and maintain hobbies. AR 27. The ALJ failed to acknowledge that Plaintiff reported many limitations related to these activities (AR 175-79), and also failed to identify either any inconsistencies between these activities and Plaintiff's allegations, or explain how these activities demonstrated the existence of transferable work skills. Accordingly, the ALJ erred in relying on Plaintiff's activities as a reason to discount her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

For all of these reasons, the Court has found multiple errors in the ALJ's assessment of Plaintiff's testimony, and does not find that the slivers of affirmable reasoning render the errors harmless. Plaintiff requests that the ALJ's error be remedied by a remand for a finding of disability, but the Court finds that further proceedings are appropriate in light of the ALJ's proper findings regarding the improvement of Plaintiff's mental symptoms with treatment. Because the record contains some conflict as to the extent of Plaintiff's limitations, a remand for a finding of disability would be inappropriate. Furthermore, the ALJ failed to address two lay statements (AR 270-72), and further proceedings would permit the ALJ to consider this evidence

in the first instance. Accordingly, the Court remands this case for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary.").

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony and consider the lay statements as well.

Dated this 18th day of January, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge